OSCAR H. SAMPSON *et al.*, in equity, *vs.* HANNAH ALEXANDER *et al.*

Waldo, 1875.—April 27, 1876.

*Married woman.*

Real estate purchased by the wife, so far as paid for by money or means of her own, cannot be taken to pay her husband's debts; but is, in equity, liable therefor, so far as it may be proved to have been paid for by money earned through her personal services jointly with his, while living in the marital relation, upon such real estate, carrying on a farm, and keeping a public house thereon.

BILL IN EQUITY, inserted in a writ of attachment, dated December 26, 1872, returnable at the April term, 1873.

The bill alleges, that at the supreme judicial court, Waldo county, October term, 1857, the plaintiffs recovered judgment against Robie F. Alexander, one of the defendants, for $1,255.97, debt, and $15.01, costs; that the cause of action on which the judgment was based was goods and merchandise sold by the plaintiffs in 1855, to him and one Crawford, then in life, since deceased; that on the eleventh of April, 1860, said Robie F., having given a bond on the execution which issued on said judgment, was admitted to the poor debtors' oath; that action accrued on said judgment, in which, judgment was duly rendered at the May term, 1867; that the execution which issued thereon was duly returned *nulla bona,* by the proper officer; that Hannah Alexander, one of the defendants, was married to Robie F., April 3, 1856, not being then possessed of any property or means, and that she has not since acquired or attained any except from or through her husband; that by deed dated June 24, 1862, duly executed and recorded, one Harriet Boynton conveyed to said Hannah Alexander, a certain parcel of land, in Belmont, in said county, for an alleged consideration of $100; that by deed dated January 16, 1864, one John Alexander conveyed to said Hannah, another certain parcel of land, in Belmont, for an alleged consideration of $500; that by deed dated September 6, 1865, John Alexander conveyed to said Hannah, another certain parcel of land, in Belmont, for an alleged consideration of $135; that each and all of said conveyances were paid for by the money of Robie F., who,

with the intention of defrauding the plaintiffs, and for the purpose of keeping said real estate out of their reach, procured the conveyances to his wife ; that the legal title of record to the same still remains in her, and that Robie F. continues in the possession and occupation of the same as of his own property, and that said Hannah was well knowing of said fraudulent intention.

The bill prays for a decree for a conveyance of said real estate to the plaintiffs, or for payment of the debt, or for such other relief as they may be entitled to.

A general demurrer and also a replication were duly filed.

In their answers, both defendants admitted all the allegations of the bill, except that said Hannah was not at the time of her marriage possessed of any property, and has not since acquired or attained any except from or through her husband ; except, also, that said conveyances were paid for by the money of the said Robie F., and that he procured them to be made to her to keep said real estate out of the reach of the plaintiffs, and except, also, that he has continued in possession and occupation of the same as of his own property. There is a general denial of all fraud and fraudulent intent.

*J. Williamson,* for the plaintiffs.

*G. E. Wallace,* for the defendants.

PETERS, J. In 1855, the complainants recovered a judgment against one of the respondents, Robie F. Alexander, for about $1300, still remaining unpaid. In 1856, Robie F. was married to the other respondent, Hannah Alexander. Since their intermarriage, she has acquired the title of certain real estate. She contributed towards the consideration paid for it the proceeds of what property she had of her own when she was married, amounting now to the sum of two hundred and seventy-five dollars, as near as may be. The balance of the money paid for the real estate was acquired by both respondents, living in the relation of husband and wife, from other sources; such as, "keeping boarders," "entertaining travelers," "putting up horses," "rent of hall for dances," "sales of stock," and sales of agricultural products raised upon their place, and the like.

The complainants seek to recover payment of their judgment out of this real estate, upon the ground that it was paid for by the husband; and this claim is resisted by the respondents, upon the ground that it was paid for out of the property and earnings of the wife.

Undoubtedly an interest in the land, amounting in value to the sum of $275, is hers. This sum includes the amount by her paid from her own property and interest thereon. We think it reasonable to allow her interest upon the sums advanced by her, for the reason that a considerable amount of. rent seems to have been indirectly received from the property, besides its enjoyment for mere family use. As the law now stands, since a married woman can make any contracts of her own without creating any liability upon the part of her husband, she would be entitled to any profits that might arise from her purchases of property. *Colby* v. *Lamson*, 39 Maine, 119. *Oxnard* v. *Swanton*, id. 125. *Blake* v. *Blake*, 64 Maine, 177. But as it does not appear whether the property in question is worth more than was given for it or not, and as no such claim is presented by the respondents, we do not find it practicable to make such an inquiry or set up such a distinction in the present case. Beyond the sum before named, therefore, we do not see why the complainants are not entitled to a satisfaction of their judgment out of the balance of the controverted estate. It was paid for, (save the $275,) from the earnings of the husband and wife. Her earnings belonged to him. She was acting as his agent, and under his legal control, in conducting the premises occupied by them. The provision in R. S., c. 61, § 3, would not make such earnings as these were, the property of the wife; and the rights of the parties must depend upon the well settled rules of the common law. *Bradbury* v. *Andrews*, 37 Maine, 199. *Merrill* v. *Smith*, id. 394. *Gould* v. *Carlton*, 55 Maine, 511.

The bill may be sustained, although the parties are guilty of no actual or intentional fraud. *Low* v. *Marco*, 53 Maine, 45. *Brisay* v. *Hogan*, id. 554. *Hamlen* v. *McGillicuddy*, 62 Maine, 268. And it is the proper remedy, even if guilty of fraud, inasmuch as the title of the real estate was never in him. *Gray* v. *Chase*, 57 Maine, 558. *Webster* v. *Folsom*, 58 Maine, 230.

The form of a decree is within the discretion of the court. None is prescribed by statute or the practice. *Low* v. *Marco*, *supra*. *Corey* v. *Greene*, 51 Maine, 114, 118.

The conclusion is, that the bill is sustained, with costs; a master to be appointed who shall assign and set off to Hannah Alexander a portion of the premises described in the bill, of the value of $275; the balance of the estate, or so much of it as will be equal in value to the sum due upon the judgment, to be by the master appraised and set off to the complainants; a suitable conveyance from the respondents to the complainants to be made, unless an amount equivalent to the amount of the appraisal shall be paid to the complainants, or secured to them, by the respondents, upon such terms as a single judge may settle, when the master's report comes in.

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.